*MHN*

FILED
3-3-2010
MAR 0 3 2010
RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 647 |
| v. | ) | |
| | ) | Judge Ronald A. Guzman |
| DARRICK BOROCZK | ) | |

## PLEA DECLARATION

The defendant, DARRICK BOROCZK, after consulting with his attorney, HELEN J.
KIM, of the FEDERAL DEFENDER PROGRAM, hereby admits and declares the following:

1. DARRICK BOROCZK has been charged by indictment with a total of five counts:
Counts One through Four charge that he knowingly produced child pornography in violation of
Title 18 U.S.C. § 2252A(a), and Count Five charges that he knowingly possessed a computer
containing images of child pornography in violation of Title 18 U.S.C. § 2252A(a)(5)(B).

2. He has read the charges against him, and those charges have been fully explained to
him by his attorney.

3. He understands the nature of the crimes and the elements of the crimes with which he
has been charged. He is now seeking to enter a voluntary plea of guilty to all of the counts in the
indictment.

4. Mr. Boroczk is pleading guilty because he is, in fact, guilty of the charges. In pleading
guilty, he is hereby admitting to, or acknowledging, the following specific facts, which he
believes to be a sufficient factual basis for his plea to be accepted by the Court:

*Factual Basis for Counts One, Two, Three, and Four*

On the dates of November 10, 2006, May 2, 2007, and October 17, 2007, and September 21, 2008, in Cook County, in the Northern District of Illinois, defendant DARRICK BOROCZK did knowingly use, persuade, induce, or entice a minor under the age of eighteen to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. These produced images and video are charged in Counts One through Four as images and video "IM005911.jpg," "IM006108.jpg," "NVECapture.0002.mpg," and "Video5.wmv." The production of these images and video was done using materials which had been transported in interstate/foreign commerce, and the visual depictions were also transported in interstate commerce after their creation in violation of Title 18 U.S.C. § 2251(a).

Specifically, Mr. Boroczk is admitting that he owned a digital camera that had been manufactured in Malaysia. He used this camera to take pictures of a minor identified as Individual A, who was approximately 3-years-old at the time that images were first taken in 2006.

Mr. Boroczk also admits that he took a video, entitled "NVECapture 0002.mpg" and "Video5.wmv," and these video clips depict Individual A engaging in sexually explicit conduct. He admits that after taking video clips entitled "NVECapture 0002.mpg" and "Video5.wmv," he saved the video clips onto his hard drive, Maxtor DiamondMax 10, manufactured in Singapore.

He further admits that he sent the two pictures,"IM005911.jpg,"and "IM006108.jpg," to at least one other individual, who lived in a state other than Illinois, through his internet provider, therefore, affecting interstate commerce.

Finally, he acknowledges that the images and video contained in Counts One, Two, Three

2

and Four meet the definition of child pornography under 18 U.S.C § 2256(8), in that they include Individual A, a female minor under the age of eighteen, engaging conduct that is sexually explicit.

**Factual Basis for Count Five**

Mr. Boroczk admits that on July 30, 2009, he knowingly possessed a Maxtor DiamondMax 10 hard drive that was manufactured in Singapore, and that hard drive contained still and video images of child pornography as defined in 18 U.S.C. § 2256(8)(A), in violation of 18 U.S.C. § 2252A(a)(5)(B).

**Potential Penalties**

5. Mr. Boroczk understands that the charges to which he intends to plead guilty carries the following statutory penalties:

    a. Counts One, Two, Three, and Four are charged under Title 18 U.S.C. § 2251(a), and the penalty provisions are in subsection (e), which states that each count shall be imprisoned not less than 15 years and not more than 30 years.

    b. Count Five, charged under 18 U.S.C. § 2252A(a)(5)(B), has a penalty provision in subsection (b)(2), which states this count shall include a term of imprisonment not more than 10 years.

    c. Each count under 18 U.S.C. § 3583(k) carries a term of supervised release that may not be less than 5 years nor more than life.

    d. The maximum fine attached to each count is $250,000.

3

6. Mr. Boroczk understands that even though his sentence includes maximum and minimum penalties, multiple terms of imprisonment for separate counts can be ordered to run concurrently under 18 U.S.C. § 3584, unless the Court orders otherwise, or if a statute requires that the terms run consecutively.

7. Mr. Boroczk further understands that under Title 18 U.S.C. § 3013, when the judgment of conviction is entered, he will receive a special assessment of $100 on each of the counts to which he is pleading guilty, for a total special assessment of $500.

### Acknowledgment of Trial Rights

8. Knowing his possible sentence , Mr. Boroczk still wishes to admit his guilt to the indictment and accepts full responsibility for his actions.

9. He understands that by pleading guilty he is surrendering certain rights, including the following:

    a. If he persisted in a plea of "not guilty" to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury, but he has a right to a jury trial. If he wanted a trial conducted by the judge without a jury, however, he, the government and the judge must all agree that the trial be conducted by the judge without a jury.

    b. If the trial was a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be, by removing prospective jurors for cause if bias or other reasons to disqualify the individual were shown, or without cause, by exercising peremptory challenges.

4

c. The jury would have to agree unanimously in its verdict of guilty or not guilty.

d. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him, unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would be told to consider each and every count of the indictment separately.

e. If the trial was held by the judge without a jury, the judge would find the facts, and determine only after hearing all the evidence and considering each count separately, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

f. At a trial, whether by a jury or a judge, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses, and his attorney would be able to cross-examine them.

g. He could also present witnesses and other evidence on his own behalf. The defendant would have no obligation to do so, however, because he is presumed innocent and need not prove his innocence.

h. If witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

i. At a trial, he would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt should be drawn from his refusal to testify. But if he desired to testify on his own behalf, he could do so.

10. Mr. Boroczk understands that by pleading guilty, he is giving up the trial rights above in (a) through (i). He also understands that any appellate issues that might have been available if he had proceeded to trial will be waived because he is not going to trial. By pleading guilty, he

understands that his appeal rights intact would be those based on grounds including the validity of his plea, or the court's judgment as it relates to his sentencing.

**U.S. Sentencing Guidelines Manual and Sentencing Issues**

11.  Mr. Boroczk understands that after *United States v. Booker* (S. Ct. 2005), the Federal Sentencing Guidelines Manual written by the United States Sentencing Commission is advisory and not mandatory, but the Court must consider the Guidelines in determining his sentence.

12. He has discussed and reviewed the Sentencing Guidelines Manual with his attorney, as well as any mandatory minimum terms of imprisonment that may apply to his case. He understands that the government presently believes that his adjusted offense level should be 43, and it believes his criminal history is I, resulting in an advisory guideline range of life in prison. He further understands that the Assistant United States Attorney can make any argument to the Court as to what sentence he should receive.

13.  Mr. Boroczk also understands that before he is sentenced, the United States Probation Office will be assigned to conduct its own independent investigation and make independent recommendations to the Court about the Guidelines, his advisory sentencing range and sentence.

14.  He understands that he and his attorney is entitled to make objections to the Presentence Report, present mitigating evidence to the Court at the time of his sentencing, and argue for any sentence that is justified, separate and apart from the Guidelines which are advisory only. If a mandatory minimum is applicable, however, he understands that the Court will not be

able to go below that mandatory minimum. He understands that the Court will make the ultimate

decision about his Guideline calculations, advisory guideline range, and what his ultimate

sentence will be.

15. Mr. Boroczk has discussed this Plea Declaration with his attorney and agrees that no

threats, promises or representations have been made to him in order for him to plead guilty.

Rather, he is pleading guilty as a voluntarily act of his own, free will because he is, in fact, guilty

of the counts charged against him.

Signed this 3rd day of March, 2010

DARRICK BOROCZK
Defendant

HELEN J. KIM
Attorney for Darrick Boroczk

7